Opinion issued April 15,
2010



 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

________________

 

NO. 01-08-00889-CV

________________

 



THOMAS PENSON, Appellant

 

V.

 

AUTO CARE AMERICA, Appellee 

 

 



On Appeal from the 268th District Court

Fort Bend County, Texas

Trial Court Cause No. 06-DCV-148234

 

 



MEMORANDUM OPINION

Appellant, Thomas Penson, is
appealing the trial court’s order granting partial summary judgment in favor of
appellee, Auto Care America.  We dismiss for
want of jurisdiction.

 

Background

          On March 10,
2006, Thomas Penson filed “Plaintiff’s Original Petition” against Auto Care
America alleging the following claims: Texas Deceptive Trade Practices Act
(DTPA) violations; common law fraud; negligence; negligent misrepresentation;
negligent hiring, supervision, and management; agency and respondeat superior.  The claims related to services performed between
March 7, 2003 and May 17, 2003.  Penson’s
petition indicates that he had knowledge of the claims no later than June 4,
2003.  Auto Care America filed
“Defendant’s Motion for Partial Summary Judgment” on July 7, 2008, arguing that
Penson’s claims for DTPA violations, negligence, negligent misrepresentation, and
negligent hiring, supervision, and management were barred by the applicable
two-year statutes of limitations. 

          On
July 16, 2008, Penson filed “Plaintiff’s First Amended Original Petition”
alleging claims for breach of contract, breach of implied warranty to perform
the services in a good and workmanlike manner, common law fraud, and respondeat
superior.  On July 17, 2008, Penson filed
“Plaintiff’s Second Amended Original Petition” alleging claims for breach of
contract, breach of implied warranty to perform the services in a good and
workmanlike manner, common law fraud, and respondeat superior.

          On
July 22, 2008, the court granted Auto Care America’s motion for partial summary
judgment.  The court signed an order
titled “Order Granting Partial Summary Judgment.” 

On August 14, 2008, Penson
filed a motion for new trial arguing that the trial court erred in granting
summary judgment because a four-year limitations period applies to claims for
fraud and breach of contract.  The court
denied the motion for new trial on October 3, 2008.

Jurisdiction

With few exceptions, an appeal
may only be taken from a final judgment.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  When there has been no conventional trial on
the merits, an order or judgment is not final for purposes of appeal unless it
actually disposes of every pending claim and party or clearly and unequivocally
states that it finally disposes of all claims and parties.  Id.
at 205. 

Here, the July 22, 2008 order
being appealed granted Auto Care America’s motion for partial summary judgment.
 The motion addressed only some of
Penson’s claims.  The order did not
dispose of, nor did it state that it disposed of, the case in its entirety.  Auto Care America alleges that it filed and the court heard
its “motion to strike Appellee’s [sic] late pleadings and motion to
dismiss.”  However, there is nothing in
the record indicating that those motions were filed or that the court struck
Penson’s amended pleadings or dismissed the case.  We need not determine which of Penson’s petitions
was live at the time of the partial summary judgment because all of the
petitions allege common law fraud, a claim that was not addressed by the motion
for partial summary judgment.

The order for partial summary
judgment contained a clause stating, “All relief not granted is expressly
denied.”  However, it is well established
that the inclusion of this language in an order for partial summary judgment
does not make the order a final judgment for the purposes of appeal.  Lehmann,
39 S.W.3d at 203–04.  There is nothing in
the court’s order stating that it disposed of every pending claim or that it
was a final and appealable judgment. 
Similarly, nothing in the record indicates that the court granted more
relief than was requested or that the court dismissed the case.

Penson does not argue that the
court erred in dismissing the claims that were subject to the two-year
limitation period.  Rather, he only
argues that “the trial court erred in granting summary judgment on the entire
case.”

 Because we conclude that the trial
court did not grant summary judgment on the entire case, the court’s order is
interlocutory and we do not have jurisdiction over the case.  Lehmann, 39
S.W.3d at 195 (holding
that appeal may be taken only from a final judgment, unless statute permits appeal);
see also Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon 2008)
(listing interlocutory orders from which interlocutory appeal may be taken).  We do not have jurisdiction over the appeal
and dismiss the case for want of jurisdiction.  See Tex. R. App. P. 42.3(a) (allowing
involuntary dismissal of appeal for lack of jurisdiction on court’s initiative).


Conclusion

          We
dismiss the appeal for lack of jurisdiction.

          We
dismiss as moot any pending motions.

          It
is so ORDERED.

 

 

                                                          George
C. Hanks, Jr.

                                                          Justice

 

Panel consists of Justices Jennings, Hanks,
and Bland.